In the Matter of the Claim of MORRIS FRIEDMAN, Respondent, against LEWIS S. ROBERTS, Respondent. ALEX DEPAOLA, Alleged Subcontractor, and CENTURY INDEMNITY COMPANY, Appellant; STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the insurance carrier, Century Indemnity Company, from a decision of the State Industrial Board which made an award of compensation to claimant, an employee of Alex DePaola, a non-insurer, and subcontractor of Lewis S. Roberts, the general contractor. The sole question presented is one of coverage, the carrier contending that the policy of insurance issued to Roberts, the contractor, did not cover the employees of DePaola, and, hence, did not cover the claimant. Roberts, the contractor, was an interior decorator, having been in that business for a period of eighteen years. The work incidental to contractor's business involved the decoration of rooms from the basic walls to the finishing product, including the color of the walls, ceiling and floor covering, the furniture and arrangements of the furniture, the drapery work and the necessary articles to complete the rooms, including lamps and other appurtenances. Painting was incidental to the interior decorating work. He was employed to decorate and furnish seventeen rooms in an apartment house, which included the painting of the interior. He entered into a contract with DePaola for the painting work and the claimant herein was employed by DePaola to do painting work. All of the decorating work, including the painting, was performed under the supervision of Roberts, the general contractor. While performing the painting job, claimant was injured by falling from a ladder, which injuries resulted in the disability for which the award was made. Clearly, the interior painting being performed by claimant is an essential part of interior decorating, and the general contractor became liable for the payments of compensation for injuries received by claimant, an employee of a subcontractor who has failed to protect his employees by workmen's compensation insurance. There is ample evidence to support the decision of the State Industrial Board, and the award should be affirmed, with costs. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

In the Matter of the Claim of JOHN RADO, Respondent, against BELL WEIN SERVICE STATION and CENTURY INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant contracted tetanus through cutting his hand while changing an automobile wheel, in the course of his employment. Award unanimously affirmed, with costs to the State Industrial Board. Present— Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

In the Matter of the Claim of CHARLES McKEE, Respondent, against THE CITY OF NEW YORK, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of disability compensation under the Workmen's Compensation Law. Claimant was employed as a registered nurse at Bellevue Hospital which is maintained by the city of New York. His salary was $110 a month, plus three meals a day, and he testified he was entitled to those three meals on his days off as on the days when he worked. On a day when he was not on duty he returned to the hospital for dinner and while ascending the steps leading into the building he stepped on a round object, slipped and fell, receiving the injuries for which compensation has been awarded. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.